UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA M. KORETSKY, Individually and as Trustee of THE SIDNEY KORETSKY TRUST,<br><br>  Plaintiff,<br><br>v.<br><br>PETER A. KORETSKY<br><br>  Defendant. | DOCKET NO. |

# COMPLAINT

Pursuant to Fed. R. Civ. P. 8, Plaintiff Donna M. Koretsky states the following as her Complaint against Defendant Peter Koretsky:

### I.  Parties

1. Plaintiff Donna M. Koretsky ("Donna") is the Trustee of the Sidney Koretsky Trust (the "Trust"), a Massachusetts Trust holding property at 756 Washington Street, Brookline, Massachusetts.

2. Defendant Peter A. Koretsky ("Peter") is an individual with a primary residence in the State of Florida.  Peter is a beneficiary under the Trust and claims an interest in the property held by the Trust located at 756 Washington Street, Brookline, Massachusetts.

### II.  Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

1

4. The Trust at issue in this case is a Massachusetts Trust. The Trust provides, *inter alia*, that: "All matters involving the validity, interpretation, construction, and meaning (or effect) of the Trust created under this instrument are to be governed by Massachusetts law."

5. This Court has personal jurisdiction over the claims asserted against Peter because, *inter alia*, the property at issue in this case, and to which Peter claims an interest via the Trust, is located in Brookline, Massachusetts.

6. Venue is appropriate in this United States District Court because the property in dispute in this matter is in Brookline, Massachusetts and, therefore, is within the judicial district of the United States District Court for the Eastern District of Massachusetts.

**III.   Facts Common to All Counts**

7. Sidney Koretsky ("Sidney") and Elaine Koretsky ("Elaine") were a married couple with three adult children – Donna, Peter and David Koretsky ("David").

8. On October 13, 2014, Sidney and Elaine created Estate Plans that included both a Will and the Trust for each of them.

9. Sidney and Elaine engaged Meredith A. Beers, Esq. of Holland & Knight LLP, Boston, Massachusetts to prepare the Estate Plan.

10. Elaine predeceased Sidney, leaving all of her assets to Sidney.

11. Through his Estate Plan, Sidney designated Donna the Personal Representative of his Estate and the Trustee of the Trust.

12. As part of his Estate Plan, Sidney transferred all of his assets to the Trust, including the former Koretsky family home at 756 Washington Street, Brookline, Massachusetts (the "Brookline Home").

13. Section 7.3 of the Trust states that after the death of Sidney, "the Trustees shall divide the entire remaining Trust estate into separate shares for my then living descendants, per stirpes subject to the provisions of Section 7.4 and 7.5."

14. Section 7.4 of the Trust provides:

    …if any interest in residential real estate located at 756 Washington Street, Brookline, Massachusetts (the "Brookline Home") is held by the Trustees as part of the Trust Estate and my daughter DONNA M. KORETSY ("DONNA") survives my wife and me, such interest shall be allocated to the share created for DONNA under Section 7.3 above. In the event that DONNA survives my wife and me and any interest in the Brookline Home is allocated to trust shares created for any one or more descendants other than DONNA, DONNA shall have the right to purchase such interests, subject to the following terms and conditions:
    (a) **Purchase Price.** DONNA shall have the right to purchase any such descendant's interest in the Brookline Home for an amount determined by multiplying the sum of One Million Dollars ($1,000,000) by a fraction equal to the fractional interest of the Brookline Home passing to the descendant.
    (b)   **Method of Payment.** DONNA shall have the right to purchase such descendant's interest in the Brookline Home by delivering to the selling descendant or descendants a promissory note in the principal amount of the purchase price as calculated in Section 7.4(a) above. Said promissory note shall be interest-free for the first five (5) years of the term of the promissory note, and then shall have an interest rate equal to Applicable Federal Rate (as published by the Internal Revenue Service) for such promissory note as of my date of death. The term of such promissory note shall not exceed twenty (20) years, and shall provide for annual compounding.

15. Sidney died on January 4, 2020. His living descendants at the time of his death were Donna, David and Peter.

16. After the death of her father, Donna diligently attended to the preparation of her father's Estate and the administration of the Trust.

17. Donna hired an attorney to assist her in this endeavor: Thomas Demakis, Esq. of Lynn, Massachusetts.

18. On March 16, 2020, through counsel, Donna filed her father's Estate in Norfolk County Probate Court (Docket No. NO20P0475EA).

19. On May 11, 2020, Donna was appointed by the Court as Personal Representative of the Estate.

20. Donna instructed her counsel to draft the necessary documents that would accomplish Sidney's Estate Plan, including preparing deeds necessary to transfer the Brookline Home pursuant to the terms of the Trust.

21. Per the Trust, the transfer of the Brookline Home is a two-step process. First, Section 7.3 contemplates a deed to transfer the Brookline home in three equal shares to Donna and her two brothers.

22. Second, Section 7.4 contemplates a deed from her brothers of their 1/3 interest in the Brookline Home to Donna for a set price, and under the terms, set forth in Section 7.4.

23. In October 2020, Attorney Demakis forwarded all of the documents necessary to effectuate the terms of the Trust to David and Peter.

24. David promptly signed and returned these documents to Donna.

25. Since then, David and Donna have been anxiously awaiting the return of the documents from Peter so that the Estate Plan can be accomplished and all Trust matters wrapped up.

26. Peter refuses to cooperate.

27. Since October 2020, Donna has reached out to Peter many times. First, he stated he would review the documents and get back to Donna with a reply. He did not do so. He has now stopped responding to her inquiries at all.

28. In addition, Attorney Demakis, on behalf of Donna, has emailed Peter several times. At one point, Peter had a lengthy telephone conversation with Attorney Demakis. In essence, Peter stated he was reviewing the documents and would get back to Attorney

Demakis. Nonetheless, Peter never called Attorney Demakis back and never returned a signed deed as required by the terms of the Trust.

29. Peter has continued to refuse to communicate with either Donna or Attorney Demakis.

## IV.     Claims for Relief

### COUNT I
### (Declaratory Judgment)

30. Donna restates and realleges each of the foregoing paragraphs as if fully set forth herein.

31. An actual controversy has arisen between Donna and Peter regarding their respective rights and obligations under the Estate Plan and the Trust.

32. Pursuant to G.L. c. 231A, these controversies are ripe for judicial determination.

33. As set forth above, the Trust requires certain transfers of the Brookline Property to effectuate the ultimate transfer of the property to Donna.

34. Without right or justification, Peter refuses to cooperate in that process.

35. As a matter of law and equity, and based upon the facts set forth above and to be further proven at trial, Donna is entitled to a declaratory judgment under which the Court: (1) orders that the terms of the Trust are valid and enforceable; and (2) orders Peter to execute the documents described herein to effectuate the terms of the Trust; or, alternatively, (2) permits Donna to unilaterally execute any and all documents necessary to carry out the terms of the Trust without Peter's assent or approval.

**WHEREFORE**, Donna hereby requests that this Honorable Court:

(1)     Enter judgment in her favor and against the Peter on Count I;

(2)     Enter the Declaratory Relief requested in Count I; and

(3)     Enter such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DONNA M. KORETSKY,**

By her attorney,

 /s/ *Timothy J. Perry*
Timothy J. Perry (BBO # 631397)
tperry@pkcounsel.com
**PERRY KRUMSIEK LLP**
One Boston Place, Suite 2600
Boston, MA 02108
(617) 720-4300
fax (617) 720-4310

Dated: July 30, 2021